Robert D. Newman (SBN 86534)
rnewman@wclp.org
Antionette Dozier (SBN 244437)
adozier@wclp.org
Richard Rothschild (SBN 067356)
rrothschild@wclp.org
WESTERN CENTER ON LAW & POVERTY
3701 Wilshire Blvd., Suite 208
Los Angeles, CA 90010
Telephone: (213) 487-7211
Facsimile: (213) 487-0242

Melinda Bird (SBN 102236)
melinda.bird@disabilityrightsca.org
Robert Borrelle (SBN 295640)
robert.borrelle@disabilityrightsca.org
DISABILITY RIGHTS CALIFORNIA
350 South Bixel Street, Suite 290
Los Angeles, CA 90017
Telephone:   (213) 213-8000
Facsimile:    (213) 213-8001

*Attorneys for Plaintiffs (continued on next page)*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KATIE A. et al.,<br><br>               Plaintiffs,<br><br>   vs.<br><br>DIANA BONTA, et al.,<br><br>       Defendants. | Case No.: 2:02-cv-05662 JAK(FFMx)<br><br>**PLAINTIFFS' *EX PARTE* APPLICATION FOR CONTINUANCE AND SCHEDULING ORDER**<br><br>Hearing Date:   December 9, 2019<br>Time:                8:30a.m.<br><br>Assigned to The Honorable John A. Kronstadt, Courtroom 10B |

*[ADDITIONAL COUNSEL]*

Kimberly Lewis (SBN 144879)
lewis@healthlaw.org
NATIONAL HEALTH LAW PROGRAM
3701 Wilshire Boulevard, Suite 750
Los Angeles, CA 90034
Telephone: (310) 204-6010
Facsimile: (310) 204-0891

Ira Burnim (pro hac vice)
irab@bazelon.org
BAZELON CENTER FOR MENTAL HEALTH LAW
1101 Fifteenth Street, NW, Suite 1212
Washington, DC 20006
Telephone: (202) 467-5730
Facsimile: (202) 223-0409

Leecia Welch (SBN 208714)
lwelch@youthlaw.org
NATIONAL CENTER FOR YOUTH LAW
405 14TH Street, 15th Floor
Oakland, CA 94612
Telephone: (510) 835-8098
Facsimile: (510) 835-8099

Mark Rosenbaum (SBN 59940)
mrosenbaum@publiccounsel.org
PUBLIC COUNSEL
610 S. Ardmore Avenue
Los Angeles, CA 90005
Telephone: (213) 385-2977
Facsimile: (213) 385-9089

# TABLE OF CONTENTS

I.     PROPOSED AND MODIFIED DEADLINES ..................................................6

II.    RELEVANT FACTUAL AND PROCEDURAL HISTORY ..........................7

III.   GOOD CAUSE EXISTS FOR A CONTINUANCE AND FOR THE PROPOSED SCHEDULING ORDER......................................................................8

    A.   A Continuance Is Necessary to Respond to the New Expert Report that Defendants will File on November 4, 2019............................................9

    B.   A Continuance Is Necessary to Permit Discovery and Resolution of the Anticipated Discovery Disputes That Will Follow. ...............................10

    C.   A Continuance Will Allow the Advisory Panel to Respond to the Rule 60 Motion..........................................................................................................13

IV.   DEFENDANTS WILL NOT BE PREJUDICED BY A CONTINUANCE. ..15

V.    LOCAL RULE 7-19......................................................................................15

VI.   CONCLUSION ..............................................................................................16

# TABLE OF AUTHORITIES

**Cases**

*Horne v. Flores,*
    557 U.S. 433 (2009) ................................................................... 10

*Jackson v. Los Lunas Community Program,*
    880 F.3d 1176 (2018) ................................................................. 10

*Rufo v. Inmates of Suffolk Cty. Jail,*
    502 U.S. 367 (1992) ................................................................... 10

**Rules**

Fed. R. Civ. P. 6(c) (2) ................................................................... 6, 7

Fed. R. Civ. P. 30(a)(2)(A)(i) ............................................................ 12

Fed. R. Civ. P. 60 .......................................... 5, 6, 7, 8, 9, 10, 12, 13, 14, 15

Fed. R. Civ. P. 60(B)(5) ..................................................................... 5

**Other Authorities**

L.R. 7-3 ............................................................................................. 7

L.R 7-19 ........................................................................................... 15

# EX PARTE APPLICATION FOR CONTINUANCE

Pursuant to the Standing Order, Plaintiffs, by and through their counsel of record, hereby apply for a continuance of the hearing date of December 9, 2019 set in Defendants' Motion To Vacate 2003 Consent Decree Pursuant to Federal Rule of Civil Procedure 60(B) (5) ("Rule 60 motion") and to set a new briefing schedule with regard to the Rule 60 motion.  At present, Plaintiffs' opposition to the Rule 60 motion is due no later than October 15, 2019.  This application is made following efforts by Plaintiffs to reach agreement with Defendants on a briefing schedule and new hearing date.  Declaration of Antionette Dozier ("Dozier Decl.") ¶ 7.

Plaintiffs have given the requisite notice of this application to Defendants. *Id*. ¶ 20.  Defendants' counsel have requested that they be given additional time until Wednesday, October 2, to file their opposition to this application. *Id*.  Plaintiff are willing to agree to Defendants' request for additional time so long as Defendants agree that Plaintiffs' opposition to the Rule 60 motion is no longer due on October 15, 2019, and will be instead due no earlier than January 17, 2020, and that the hearing on the Rule 60 motion is no longer set for December 9, 2019, and will instead be rescheduled for a new date no earlier than April 20, 2020.  *Id*.  Defendants have themselves proposed both the new January and April dates; Plaintiffs merely seek later dates by this application. *Id*. While the parties would or should be in agreement, the recent exchange of email messages between counsel leaves unclear whether Defendants have agreed to the above terms whereby they would be given additional time to file their opposition to Plaintiffs' instant application. *Id*.  Prior to the most recent email exchange, the parties' proposed dates differed by roughly two months, with Plaintiffs proposing a hearing date of June 29, 2020 and Defendants proposing April 20, 2020. *Id.* ¶ 7.

Plaintiffs have good cause for the full continuance requested. Defendants' motion raises serious issues that require thorough examination and careful consideration, a process that cannot be hurried. Indeed, as part of the discussions

---

regarding this continuance, Defendants disclosed that they also require an additional
two months to finalize their evidence and to submit an additional expert declaration on
November 4, 2019, a date that must be treated as the new filing date for the motion
pursuant to Fed. R. Civ. P. 6(c) (2). Dozier Decl. ¶ 7. Finally, although Defendants
will oppose this Application, they suffer no harm from the requested continuance.
Plaintiffs request a scheduling order that continues the hearing date until June 29,
2020, which would allow them until April 27, 2020 to prepare their Opposition. This
is five-and-one-half months after Defendants' new effective filing date of November
4, 2019, which will allow Plaintiffs time for discovery, resolution of anticipated
discovery disputes, gathering of evidence, including the preparation of expert
testimony, in opposition to the motion. The proposed scheduling order also sets a
tentative date for the Advisory Panel (subject to agreement and confirmation by the
Panel) to submit a response to the Court in time for the parties to include their own
responses and objections, if any.

## I.  PROPOSED AND MODIFIED DEADLINES

| | |
|---|---|
| [March 30, 2020] | *Advisory Panel's Response to Rule 60 Motion, subject to confirmation from the Panel* |
| [April 27, 2020] September 16, 2019 *(now October 15 per agreement of the parties)* | Plaintiffs' Opposition to Rule 60 Motion and Comments re Panel response |
| [May 25, 2020] September 30, 2019 | Defendants' Reply to Rule 60 Motion and Panel response |
| [June 29, 2020] December 9, 2019 | Hearing on Rule 60 Motion |

///

## II. RELEVANT FACTUAL AND PROCEDURAL HISTORY

Defendants announced that they would file a Rule 60 motion on February 19, 2019, via a letter that had obviously been drafted, reviewed and approved some time in advance of that date. The County thereafter took more than six months after that letter to file the Rule 60 motion on August 26, 2019. ECF No. 975. During that interim period, the Court requested a proposed briefing schedule for the Rule 60 motion. Order dated May 20, 2019, ECF No. 956 at 2. In the June 21, 2019 Joint Status Report, Defendants refused to agree to a briefing schedule until after filing, but did agree that Plaintiffs should be permitted no less than three months to prepare their opposition. ECF No. 959 at 5; *see also* Letter from Brian Procel dated June 3, 2019, ECF No. 960 at 10 (same).

When filing their motion on August 26, 2019, Defendants set the hearing for December 9, 2019 without regard to their prior statements regarding a briefing schedule. Defendants' counsel did <u>not</u> confer with Plaintiffs prior to setting the hearing date as required by the Standing Order for Civil Cases and Local Rule 7-3. Dozier Decl. ¶ 3.[1] Pursuant to the Standing Order, Plaintiffs' Opposition brief was originally due on September 16, 2019, although Defendants subsequently agreed to extend this by one month, until October 15, 2019. Dozier Decl. ¶ 5.

Defendants have now disclosed that they intend to file a report from their primary expert that will not be ready until November 4, 2019 - seventy days after their motion was filed. *Id.* ¶ 7. Given the importance of this motion and the need for a comprehensive and thorough record, Plaintiffs agreed to stipulate to introduction of this additional expert evidence. *Id.* ¶ 8. However, Fed. R. Civ. P. 6(c) (2) states that "any affidavit supporting a motion must be served with the motion." <u>Consequently,</u>

---

[1] Separate from this Application for a Continuance, Plaintiffs request that the Court vacate the December 9, 2019 hearing date in light of Defendants' counsel's failure to meet and confer consistent with the Standing Order and L.R. 7-3.

November 4, 2019 must be treated as the filing date of County's motion. The date of June 29 that Plaintiffs have proposed will allow them to submit their Opposition on April 27, 2020, which is five-and-one-half months after this new filing date. As discussed at greater length below, Plaintiffs will need all of this time to prepare a meaningful response to this important, fact intensive motion.

In response, Defendants have proposed a hearing date of April 20, 2019, two months earlier. This would require Plaintiffs Opposition to be filed on February 24, 2019.[2] As discussed below, this is insufficient time for Plaintiffs to prepare their opposition, including deposing this additional expert and reviewing the additional documents, previously undisclosed, on which he will rely. It may also be necessary to reconsider the testimony of any witnesses who have been deposed if the new expert's report reveals inconsistencies or new lines of argument. Then, Plaintiffs' own experts must still review the new expert's allegations and the documents on which he relied before finalizing their own opinions. There is no way to shortcut these important steps in an important and fact intensive case such as this, which will have such significant impact on tens of thousands of needy, mentally ill foster children.

Plaintiffs filed this application for a Continuance as soon as possible after it became clear that Defendants would not agree to a reasonable briefing schedule.

## III.   GOOD CAUSE EXISTS FOR A CONTINUANCE AND FOR THE PROPOSED SCHEDULING ORDER.

Good cause exists for this Application to continue the hearing on Defendants' Rule 60 motion to June 29, 2020, and for issuance of the proposed Scheduling Order. ///

---

[2] Pursuant to the Standing Order, with a hearing date of April 20, 2019, Defendants must file their reply five weeks earlier, on March 23, 2019. Since Defendants have requested a month to prepare their reply, Plaintiffs' Opposition would be due February 24, which does not allow time to complete discovery and expert reports.

### A. <u>A Continuance Is Necessary to Respond to the New Expert Report that Defendants will File on November 4, 2019.</u>

Plaintiffs intend to rely on the testimony of multiple expert witnesses. This expert testimony will be based on an analysis of the evidence filed in support of the Rule 60 motion as well as additional evidence produced in discovery. Dozier Decl. ¶ 18. These experts will testify about the factual allegations in the Rule 60 motion as well as the issues that the motion ignores, such as the needs of and services to children with intensive mental health needs (identified as the "Subclass" in this litigation). *Id.*

Plaintiffs' experts must also analyze and rebut the testimony of Defendants' new expert, which will not be filed until November 4, 2019. Dozier Decl. ¶ 19.[3]  This expert might, for example, raise new issues or factual allegations in addition to those in the motion and exhibits that Defendants filed in August. Plaintiffs will depose this expert, and request all document on which he relied, but the deposition transcript may not be available for some time afterwards. *Id.* Once the data, testimony and supplementing information is eventually produced, the experts will need up to 60 days to analyze this and prepare their written opinions. Plaintiffs' counsel will then need a short period to incorporate these opinions into their Opposition. *Id.* Given these considerations, the earliest that Plaintiffs can submit their Opposition and expert reports is April 27, 2020 as specified in the proposed scheduling order. Given the new

---

[3] Defendants wrongly place the blame on Plaintiffs for their two-month delay in filing this expert report. Dozier Decl. ¶ 9 (email from David Schecter complaining that the County did not have a "clear understanding of the ability that a retained expert has to access potentially confidential information involving foster youth"). Plaintiffs are not to blame for the County's confusion, as there is already a perfectly adequate protective order that addresses this issue. *See* ECF No. 63. Regardless, Plaintiffs remains open to an additional protective order. On September 10, 2019, Defendants agreed to provide authority regarding the need for a new order. Defendants have not yet done so. Once received, Plaintiffs will exchange a redline version of a new protective order.  *Dozier Decl.* ¶ 11.

---

expert declaration and all the Opposition must address, Plaintiffs cannot file their Opposition and expert reports by February 27, 2020 as Defendants have insisted, but can do so by April 27, as requested here.

**B.** **A Continuance Is Necessary to Permit Discovery and Resolution of the Anticipated Discovery Disputes That Will Follow.**

Plaintiffs have already propounded written discovery and plan to issue further discovery requests shortly. The discovery required to oppose this motion is extensive and will require the full time requested to complete for the reasons set out below.

First, resolution of this dispute will be fact intensive. The motion and its supporting evidence are voluminous, with extensive declarations from eleven individuals and more than 30 exhibits totaling over 1,300 pages. Dozier Decl. ¶ 15. Defendants have conceded that Plaintiffs are entitled to test the County's factual allegations through formal discovery. Minute Order, ECF No. 971 at 1-2. The declarants make numerous conclusory allegations without providing a factual basis and without support in the attached exhibits. Plaintiffs must obtain and review the additional data and documents upon which these declarants have relied before they can conduct depositions. Dozier Decl. ¶ 15.

Second, the motion and the supporting declarations inexplicably ignore many aspects of Defendants' compliance that are central to this dispute.[4] Dozier Decl. ¶ 16. These issues include the timeliness of actual treatment for class members (as opposed to mere screening and assessment) and whether children with intensive mental health needs are receiving sufficient treatment in a timely manner to avert placement failure

_____

[4] Defendants have the burden of proof in a Rule 60 motion such as this. *Horne v. Flores,* 557 U.S. 433, 447–49 (2009); *Rufo v. Inmates of Suffolk Cty. Jail,* 502 U.S. 367, 383–84 (1992); *Jackson v. Los Lunas Community Program,* 880 F.3d 1176, 1206 (2018). Defendants' failure to adduce evidence on these important compliance issues is reason alone to deny their motion.

1  and the trauma of repeated placements. The latter group is commonly known as the

2  "Subclass" in County billing documents and reports.[5] As the Advisory Panel explains,

3  "[t]he use of the term subclass, which was a part of the Katie A. litigation against the

4  State, is still in use by the County and serves as a proxy for children with high mental

5  health needs. The state billing manual identifies the subclass as children who require

6  intensive mental health services. . . . By whatever name, these are the most vulnerable

7  children in the class." Advisory Panel Letter, August 14, 2019, Exh. 5 to Dozier Decl.

8      Plaintiffs had assumed that the County's motion and evidence would include

9  evidence on these issues, including services to the children know as the Subclass,

10  since they have been the focus of discussion between the parties and the Advisory

11  Panel for several years. Dozier Decl. ¶ 16. Because Defendants failed to provide

12  sufficient and comprehensive evidence on these issues, Plaintiffs must themselves

13  obtain the missing data relating to timeliness of treatment and the amount and duration

14  of treatment when it is provided, especially to Subclass children with intensive mental

15  health needs. Once obtained, Plaintiffs' experts must review the evidence and prepare

16  their own opinions on the County's compliance with federal law in light of these

17  issues. Some of this evidence might only be available through billing and expenditure

18  data and information on psychiatric hospitalizations, failed placements, runaways and

19  other measurable adverse results that are characteristic of the Subclass and often result

20  _____

21  [5] The subclass for the claims against the State consisted of "children in California

22  who: (a) [a]re in foster care or are at imminent risk of foster care placement; and (b)

23  [h]ave a mental illness or condition that has been documented or, had an assessment already been conducted, would have been documented, and (c) [w]ho need

24  individualized mental health services, including but not limited to professionally

25  acceptable assessments, behavioral support and case management services, family

26  support, crisis support, therapeutic foster care, and other medically necessary services in the home-like setting, to treat or ameliorate their illness or condition." Stipulated

27  Judgment Pursuant to Class Action Settlement Agreement (Dec. 5, 2011), ECF 779 at 2-3. The Stipulated Judgment went on to define what it means to be in "imminent risk

28  of foster care placement." *Id.* at 3.

from the delay and denial of intensive mental health services. Dozier Decl. ¶ 16.
Particularly if an analysis of billing data is required, Plaintiffs' experts will need
sufficient time to analyze these complex data sets after they are produced. *Id.*

Third, a continuance is necessary to permit time to resolve Defendants'
anticipated objections to discovery. Dozier Decl. ¶ 17. Defendants have already
refused to produce information requested by the Advisory Panel on the ground that it
is "unduly burdensome," "outside the scope of this litigation," and "not directed at
studying the County's compliance with federal law." Letter from Brian Procel dated
July 3, 2019, ECF No. 968. Similarly, Defendants have already confirmed that they
will object to many categories of data and information that Plaintiffs seek on the
grounds that they concern issues that are "not raised in the Motion" and that
Defendants have unilaterally concluded are "outside the scope of this litigation."
Status Report, ECF No. 959 at 4. Given the certainty that Defendants will raise the
same objections to formal discovery, Plaintiffs must allocate more time to prepare and
resolve motions to compel, further delaying their ability to conduct depositions and
prepare their Opposition. Dozier Decl. ¶ 17. In all likelihood, disputes over document
requests and scheduling of depositions may not be resolved until December or even
January.[6] *Id.*

Finally, as noted above, Plaintiffs will provide testimony from several experts
who must first review and analyze data regarding County services that was NOT
included in the support of the Rule 60 motion and can only be obtained through

---

[6] One discovery issue the parties have not yet addressed is the number of depositions.
As of November 4, Defendants will have submitted twelve declarations in support of
their Rule 60 motion. If Plaintiffs only took the depositions of Defendants' declarants,
Plaintiffs would exceed the limit of ten depositions.  *See* Fed. R. Civ. P.
30(a)(2)(A)(i). In addition, Plaintiffs anticipate the need to take the depositions of
others, including third parties, who will only provide evidence relevant to the Rule 60
motion if required to testify at a deposition.

---

discovery. The anticipated discovery disputes will also delay their completion of their reports. For all these reasons, Plaintiffs require the requested continuance, which allows them sufficient time to complete discovery, prepare their opposition and submit their expert reports.

**C.     A Continuance Will Allow the Advisory Panel to Respond to the Rule 60 Motion.**

The parties and the Advisory Panel have all anticipated that the Panel will prepare a response to the County's motion. "The County does not object . . . to the Panel responding to the Motion as it sees fit to the extent the Panel's response complies with the Federal Rules of Civil Procedure and Evidence." ECF No. 959 at 5.

As a neutral body with special expertise, intimate familiarity with the County's system and an ongoing duty to report fairly on its findings, the Advisory Panel can offer important and invaluable assistance to the Court in resolving the factual disputes underlying Defendant's Rule 60 motion. The Advisory Panel is both impartial and uniquely qualified to review data and opine on whether class members are receiving medically necessary mental health services covered by the Medi-Cal program with reasonable promptness as required by the EPSDT mandate.

Moreover, the parties agreed and Judge Matz directed that the Panel play such a role. *See* Notice Lodging Fully-Executed Settlement Agreement between Plaintiffs and County Defendants dated April 18, 2003 ("Settlement Agreement"), ECF No. 46; Order Approving Settlement, ECF No. 82. The Panel's duties include reporting on the very matters at issue in Defendants' Rule 60 motion, namely whether class members "promptly receive necessary, individualized mental health services in their own home, a family setting or the most homelike setting appropriate" and whether class members "receive care and services consistent with … the requirements of federal … law." Settlement Agreement ¶ 6(a) & (e).[7] Additionally, the Settlement Agreement provides:

---

[7] The Settlement Agreement directs the Panel to "determine whether the County has

1  Any reports, recommendations or findings by the Advisory Panel also

2  shall be admissible in any proceedings in the Katie A. Litigation and shall

3  be considered prima facie evidence of the conclusions contained therein.

4  *Id.* at ¶ 23.

5     As a central component of its response, the Advisory Panel plans to conduct a

6  "Special Study of Timely Delivery of Intensive Mental Health Services to Prevent the

7  Trauma of Placement Change." Letter from Advisory Panel dated August 14 at page

8  3, Exh. 1 to Dozier Decl. The Panel intends to "prepare a report to the Court on the

9  Panel's findings from the study and the other information requested from the County,"

10 and will also "complete its 2018 Report if requested by the Court." Panel Statement of

11 June 14, 2019, ECF No. 961 at 22-23.

12    The requested continuance and scheduling order should provide sufficient time

13 for the Advisory Panel to prepare its response. Plaintiffs' counsel have requested that

14 the parties meet and confer to resolve Defendants' objections to the special study and

15 refusal to provide information that the Panel needs for its response. Dozier Decl. ¶ 14.

16 At the end of this process, the Panel should be asked to confirm a date by which it can

17 complete its study, respond to the Rule 60 report and prepare its 2018 report for the

18 Court.

19    Finally, both parties should have an opportunity to comment upon and submit

20 objections, if any, to the Panel's response. The proposed scheduling order allows a

21 reasonable time for both parties to respond to the Panel in Opposition and Reply.

22    In sum, there is good cause for a continuance and scheduling order to allow the

23 Panel to conduct its study and produce a report in response to the Rule 60 motion.

24 ─────────────────────

25 met the objectives in Paragraph 6" of the Settlement Agreement. Settlement

26 Agreement ¶ 15(e). The objectives in Paragraph 6 include that "promptly receive

   necessary, individualized mental health services in their own home, a family setting or

27 the most homelike setting appropriate" and whether class members "receive care and

28 services consistent with … the requirements of federal … law." *Id.* at ¶ 6(a)&(e).

─────────────────────

## IV. DEFENDANTS WILL NOT BE PREJUDICED BY A CONTINUANCE.

Defendants will suffer no harm from a continuance of the hearing date. The County has been in no hurry to change the *status quo*, having waited more than six months after announcing its intent to file a Rule 60 motion before actually doing so.

Moreover, Defendants made a deliberate choice to withhold access to the data on which it was relying for this entire time period, which has contributed to the need for a continuance. Dozier Decl. ¶ 4. Had Defendants provided access to this data prior to August 27, resolution of the motion could have been more expeditious and a shorter continuance might have been possible. Without access to the evidence on which Defendants would rely – evidence exclusively within the County's control – Plaintiffs could not prepare their opposition, including their experts, review service data or take any other action in advance of the filing. *Id.* ¶ 12. Having refused to expedite the necessary exchange of information before filing their motion, Defendants can hardly complain of the additional time that this process will now require.

The proposed continuance and Scheduling Order will give Magistrate Judge Mumm time to resolve the discovery disputes that will certainly arise between the parties.

## V. LOCAL RULE 7-19

Pursuant to Local Rule 7-19, below are the names, addresses, telephone numbers and the e-mail addresses of counsel for the opposing party:

| | |
|---|---|
| Louis R. Miller, Esq.<br>Smiller@Millerbarondess.Com<br>Brian A. Procel, Esq.<br>Bprocel@Millerbarondess.Com<br>David W. Schecter, Esq.<br>Dschecter@Millerbarondess.Com<br><br>Miller Barondess, LLP<br>1999 Avenue Of The Stars, Suite 1000<br>Los Angeles, California 90067<br><br>Tel.: (310) 552-4400 | Mary C. Wickham, Esq.<br>Mwickham@Counsel.Lacounty.Gov<br>Vicki Kozikoujekian, Esq.<br>Vkozikoujekian@Counsel.Lacounty.Gov<br>Laura Quinonez, Esq.<br>Lquinonez@Counsel.Lacounty.Gov<br><br>Office Of Los Angeles County Counsel<br>Kenneth Hahn Hall Of Administration<br>500 West Temple Street, Suite 648<br>Los Angeles, California 90012<br><br>Tel.: (213) 974-1811 |

1    **VI.    CONCLUSION**

2          Plaintiffs are keenly aware of the need to resolve this motion expeditiously and

3    have requested only the time that is absolutely necessary to prepare their Opposition

4    and permit the Panel to respond. For the foregoing reasons, Plaintiffs respectfully

5    request that the Court grant their Application to continue the Rule 60 motion and

6    approve the proposed modified briefing timelines.

7     DATED: Sept. 26, 2019                    Respectfully submitted:

8

9                                          /s/ *Melinda Bird*
                                           _____
10                                            Melinda Bird
                                              DISABILITY RIGHTS CALIFORNIA
11                                            *Attorneys for Plaintiffs*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28