# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KATIE A., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>DIANA BONTA, et al.,<br><br>    Defendants. | **CASE NO. 2:02-cv-05662 JAK (FFMx)**<br><br>**PROTECTIVE ORDER PURSUANT TO STIPULATION REGARDING THE COUNTY'S RULE 60(b)(5) MOTION** |

Plaintiffs and Defendants Los Angeles County ("County"), the Department of Children and Family Services ("DCFS") the Director of DCFS (together, the "County Defendants"), through their undersigned counsel of record, hereby stipulate and agree as follows:

WHEREAS on July 16, 2003 the Court entered an order (the "2003 Consent Decree") in which the Court approved the Settlement Agreement entered into between the Plaintiffs and the County Defendants and retained jurisdiction to enforce it;

WHEREAS the County Defendants have filed a motion under Rule 60(b)(5) of the Federal Rules of Civil Procedure to vacate the 2003 Consent Decree (the "Motion");

WHEREAS the Plaintiffs and the County Defendants (together, the "Parties") will engage in discovery in connection with the Motion, which will require the Parties to exchange information and documents that are confidential pursuant to private health information under the Health Insurance Portability and Accountability Act ("HIPAA"), confidential juvenile case file information under California Welfare & Institutions Code ("W&I Code") section 827 and confidential mental health records under W&I Code section 5328, as well as confidential information such as social security numbers, taxpayer identification numbers, bank account information, and other confidential financial information;

WHEREAS the Parties reserve their rights to object to any discovery requests or demands made;

WHEREAS the Parties desire to enter into this stipulated protective order to facilitate the exchange and use of otherwise protected information for the limited purpose of litigating the County's Motion and any other motions that the Parties might bring; and

WHEREAS, the Parties having stipulated and good cause appearing:

IT IS HEREBY STIPULATED AND ORDERED THAT:

## I. INTRODUCTION AND STATEMENT OF GOOD CAUSE

### A. Plaintiffs

Pursuant to the Parties' stipulation, the Court entered an order on February 23, 2004 certifying the plaintiff class as children and young adults who: (a) are in the custody of DCFS in foster care or who are at imminent risk of foster care placement by DCFS; (b) are eligible for services under the Early and Periodic Screening Diagnosis and Treatment ("EPSDT") program of the Medicaid Act, as defined in 42 U.S.C. § 1396; and (c) have a mental illness or condition that is documented or, had an assessment been completed, could have been documented; and (d) need individualized mental health services, including but not limited to professionally acceptable assessments, behavioral support and case management

services, family support, crisis support, therapeutic foster care, and other medically necessary services in the home or in a home-like setting, to treat or ameliorate their illness or condition. (ECF Dkt. No. 149.)

### B. Defendants

The County Defendants are the County, DCFS and the Director of DCFS.

### C. Statement of Good Cause

Good cause exists for entry of this Protective Order. In connection with the County's Motion and any related motions that the Parties might bring, the Parties may need to use information and documents that are confidential and privileged under HIPAA, W&I Code section 827 and W&I Code section 5328, as well as confidential financial information and private identification information, such as social security numbers, taxpayer identification numbers and other such information. The Parties enter into this Stipulated Protective Order without admitting that any particular document is protected under these statutes.

### D. Miscellaneous

The entry of this Stipulated Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

## II. DEFINITIONS

### A. Party

"Party" means any party to this action, including all of its officers, directors, employees, consultants, retained experts, and legal counsel (and their support staff).

### B. Confidential Information

"Confidential Information" means any documents, testimony or information (regardless of how generated, stored, maintained produced, or made available) that: (1) is in the possession of a Designating Party who believes in good faith that such

3
Case No. 2:02-cv-05662 JAK(FFMx)
STIPULATED PROTECTIVE ORDER RE: THE COUNTY'S RULE 60(b)(5) MOTION

1 information is entitled to confidential treatment under applicable law; (2) is
2 considered confidential under HIPAA, the California Confidentiality of Medical
3 Information Act (Civil Code § 56, *et seq.*), California Welfare & Institutions Code
4 section 827 and California Welfare & Institutions Code section 5328, or contains
5 confidential financial information and private identification information, such as
6 social security numbers, taxpayer identification numbers and other such information
7 and (3) is produced or made available by any Party.  All information produced or
8 made available to the Parties pursuant to and following the Court's entry of this
9 Protective Order shall receive all protections provided by this Protective Order, and
10 shall be subject to all terms, conditions, limitations, and restrictions set forth in this
11 Protective Order.  It is the intent of the Parties that information will not be
12 designated as confidential for tactical reasons and that nothing be so designated
13 without a good faith belief that it has been maintained in a confidential, non-public
14 manner, and there is good cause why it should not be part of the public record of this
15 case.

**III. SCOPE**

The terms, conditions, limitations, and restrictions imposed by this Protective Order cover not only Confidential Information but also any identifying information copied or extracted therefrom, as well as all identifying information contained in copies, excerpts, summaries, notes, audio files, or compilations thereof.  The terms, conditions, limitations, and restrictions imposed by this Protective Order also cover testimony, conversations, or presentations by Parties or their counsel that might reveal Confidential Information to persons other than the Parties.  However, the terms, conditions, limitations, and restrictions imposed by this Protective Order do not cover any information known to Plaintiffs prior to entry of this Protective Order or obtained by Plaintiffs after entry of this Protective Order from a source who obtained the information lawfully and under no obligation of confidentiality.  The terms, conditions, limitations, and restrictions imposed by this Protective Order also

are not intended to have any effect on the Parties' sharing of information, confidential or otherwise, with the Advisory Panel. This Protective Order does not supersede or modify the Settlement Agreement, and neither Plaintiffs nor the County Defendants shall be deemed to have taken any position, or made any agreement or concession, or assented in any way, on that issue merely by virtue of stipulating to the entry of this Protective Order. All Parties agree and stipulate that this Protective Order has no effect on existing rights and obligations of the Parties except as expressly set forth herein.

**IV.  DURATION**

The duties and obligations imposed by this Protective Order shall remain in effect for all time unless and until the Parties otherwise agree in writing or the Court otherwise orders.

**V.  PRODUCTION, REVIEW AND USE OF CONFIDENTIAL INFORMATION**

   **A.  Medical and Other Information Pertaining to Plaintiff Class Members**

Notwithstanding the confidentiality restrictions of the HIPAA, the California Confidentiality of Medical Information Act (Civil Code § 56, *et seq.*), California Welfare & Institutions Code section 827 and California Welfare & Institutions Code section 5328, the Parties' use and access to Confidential Information shall consist of dependency and juvenile case information as well as medical and mental health information pertaining to the Plaintiff class members. The Parties are expressly authorized to use and disclose through discovery Confidential Information as necessary to support or oppose the County's Motion and any other motions in this lawsuit.

   **B.  Procedure For Designating Confidential Information**

Any Documents, Testimony, or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony, or

5

Case No. 2:02-cv-05662 JAK(FFMx)
STIPULATED PROTECTIVE ORDER RE: THE COUNTY'S RULE 60(b)(5) MOTION

1 Information is disclosed or produced. The parties may agree that a case name and
2 number are to be part of the "Confidential" designation. The "Confidential"
3 designation should not obscure or interfere with the legibility of the designated
4 Information.

5      Each Party or Non-Party that designates information or items for protection
6 under the Order must take care to limit any such designation to specific material
7 that qualified under the appropriate standards. The Designating Party must
8 designate for protection only those parts of material, documents, items, or oral or
9 written communications that qualify so that other portions of the material,
10 documents, items, or communications for which protection is not warranted are not
11 swept unjustifiably within the ambit of this Order.

12      Mass, indiscriminate, or routinized designations are prohibited. Designations
13 that are shown to be clearly unjustified or that have been made for an improper
14 purpose (e.g., to unnecessarily encumber the case development process or to
15 impose unnecessary expenses and burdens on other parties) may expose the
16 Designating Party to sanctions.

17      If it comes to a Designating Party's attention that information or items that it
18 designated for protection do not qualify for protection, that Designating Party must
19 promptly notify all other Parties that it is withdrawing the inapplicable designation.

20      For Documents (apart from transcripts of depositions or other pretrial or trial
21 proceedings), the Designating Party must affix the legend "Confidential" on each
22 page of any Document containing such designated material.

23      For Testimony given in depositions the Designating Party may either:
24          i.    identify on the record, before the close of the deposition,
25 all "Confidential" Testimony, by specifying all portions of the Testimony that
26 qualify as "Confidential;" or
27          ii.    designate the entirety of the Testimony at the deposition
28 as "Confidential" (before the deposition is concluded) with the right to identify

1 more specific portions of the Testimony as to which protection is sought within 14
2 days following receipt of the deposition transcript. In circumstances where portions
3 of the deposition Testimony are designated for protection, the transcript pages
4 containing "Confidential" Information may be separately bound by the court
5 reporter, who must affix to the top of each page the legend "Confidential", as
6 instructed by the Designating Party.

7 For Information produced in some form other than Documents, and for any
8 other tangible items, including, without limitation, compact discs or DVDs, the
9 Designating Party must affix in a prominent place on the exterior of the container
10 or containers in which the Information or item is stored the legend "Confidential".
11 If only portions of the Information or item warrant protection, the Designating
12 Party, to the extent practicable, shall identify the "Confidential" portions.

13 The inadvertent production by any of the undersigned Parties or non-Parties
14 to the Proceedings of any Document, Testimony, or Information during discovery
15 in this Proceeding without a "Confidential" designation, shall be without prejudice
16 to any claim that such item is "Confidential" and such Party shall not be held to
17 have waived any rights by such inadvertent production. In the event that any
18 Document, Testimony, or Information that is subject to a "Confidential"
19 designation is inadvertently produced without such designation, the Party that
20 inadvertently produced the document shall give written notice of such inadvertent
21 production within ten (10) days of discovery of the inadvertent production, together
22 with a further copy of the subject Document, Testimony, or Information designated
23 as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such
24 Inadvertent Production Notice, the Party that received the inadvertently produced
25 Document, Testimony, or Information shall promptly destroy the inadvertently
26 produced Document, Testimony, or Information and all copies thereof, or, at the
27 expense of the producing Party, return such together with all copies of such
28 Document, Testimony or Information to counsel for the producing Party and shall

7    Case No. 2:02-cv-05662 JAK(FFMx)
STIPULATED PROTECTIVE ORDER RE: THE COUNTY'S RULE 60(b)(5) MOTION

1  retain only the "Confidential" materials. Should the receiving Party choose to
2  destroy such inadvertently produced Document, Testimony, or Information, the
3  receiving Party shall notify the producing Party in writing of such destruction
4  within ten (10) days of receipt of written notice of the inadvertent production. This
5  provision is not intended to apply to any inadvertent production of any Document,
6  Testimony, or Information protected by attorney-client or work product privileges.
7  In the event that this provision conflicts with any applicable law regarding waiver
8  of confidentiality through the inadvertent production of Documents, Testimony or
9  Information, such law shall govern.

In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). The Parties agree to meet and confer promptly if either party raises a Designation Objection, and if such meet and confer is not successful in resolving the dispute, the parties agree to submit the dispute to the Court in whichever dispute resolution process the Court prefers. The burden of persuasion in any such proceeding shall be on the Designating Party. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

### C. Persons Authorized to Review Confidential Information

The Parties, their attorneys, and the court and its personnel may also review Confidential Information disclosed pursuant to this Protective Order. Additionally, non-attorney employees and experts or consultants retained by the Parties with a legitimate need and reason to review Confidential Information to support or oppose

the County's Motion and any other motion in this lawsuit may also review Confidential Information, provided such non-attorney employees or consultants and retained experts first execute the following written statement:

> "I, _____, acknowledge that I have reviewed and am familiar with the terms of the Stipulated Protective Order Regarding the County's Rule 60(b)(5) Motion ("Stipulated Protective Order") and I hereby agree to comply with and to be bound by the terms and conditions of said Stipulated Protective Order with respect to the handing, review, use and disclosure of any Confidential Information.
>
> Dated: _____ /s/ _____"

The attorneys for the Parties shall be responsible for maintaining the signed original of such written statement, and copies shall be provided upon request by a Party's counsel. Other than those expressly permitted to review Confidential Information as set forth above, no one else may review, be given access to, or otherwise be purposefully exposed to any Confidential Information or any transcript, quotation, paraphrase, summary, notes, or other description containing or referring to Confidential Information.

### D. Limitations On Use Of Confidential Information

Confidential Information shall not be used, handled, reviewed, or disclosed for any purpose or in any manner inconsistent with this Protective Order. Any use, handling, review, or disclosure of Confidential Information prohibited by this Protective Order shall constitute a violation of this Protective Order. The Parties and any persons or entities who receive Confidential Information pursuant to Part V.C of this Protective Order expressly agree that Confidential Information shall not be disclosed for purposes of, or used in, any litigation, arbitration or other proceeding other than this lawsuit.

/ / /

/ / /

1       In the event of any unauthorized use, handling, review, or disclosure of Confidential Information, the Parties must immediately notify each other and the Court in writing of such unauthorized use, handling, review or disclosure.

### E. Procedures For The Filing Of Any Confidential Information With The Court

The Parties shall take all reasonable steps to redact any publicly filed documents to ensure not to reveal any information otherwise protected by law, including, but not limited to, private health information or juvenile/dependency case file information. If such redactions are not feasible, the Party may seek to file the Protected Material under seal. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

With respect to confidential and private financial and identifying information, such as social security numbers, taxpayer identification numbers, bank accounts and other such information, the Parties may redact such information before producing it.

With respect to confidential information regarding dependency and juvenile records that is protected under HIPAA, the California Confidentiality of Medical Information Act (Civil Code § 56, *et seq.*), California Welfare & Institutions Code section 827 and California Welfare & Institutions Code section 5328 (the "Confidential Dependency/Juvenile Information"), the Parties agree to exchange that information in unredacted form. The producing party must designate material that contains Confidential Dependency/Juvenile Information as "Confidential."

It is the sole responsibility of the Party that intends to publicly file (the "Filer") anything that contains Confidential Dependency/Juvenile Information to redact or otherwise file under seal so that the material is not disclosed publicly.

/ / /

/ / /

### F. Return or Destruction of Confidential Information

If the Court terminates its jurisdiction over this lawsuit, Plaintiffs shall destroy, or shall return to the County Defendants, all copies (electronic, hard copy, or other) of all Confidential Information that was produced or made available to them in connection with this case since entry of this Protective Order. Upon such destruction or return of Confidential Information, Plaintiffs shall also provide the County Defendants with the following certification in writing:

> "On behalf of Plaintiffs, I, _____, hereby certify that all copies of all Confidential Information that was ever produced or made available to Plaintiffs by the County Defendants have been destroyed or returned to the County Defendants in accordance with the terms of the Stipulated Protective Order."

### G. No Waiver Of Objections

Nothing in this Protective Order constitutes any ruling or finding by the Court other than those specifically set forth herein. Nothing in this Protective Order or in the Parties' stipulations constitutes a waiver by any Party of any right to request information or to object to such requests as not necessary to oppose or support the Motion.

### H. Subpoena For Confidential Information

In the event that Plaintiffs or their counsel are served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "Confidential," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

1  (c) cooperate with respect to all reasonable procedures sought to be pursued
2 by the Designating Party whose Protected Material may be affected.
3  If the Designating Party timely seeks a protective order, the Party served with
4 the subpoena or court order shall not produce any information designated in this
5 action as "CONFIDENTIAL" before a determination by the court from which the
6 subpoena or order issued, unless the Party has obtained the Designating Party's
7 permission. The Designating Party shall bear the burden and expense of seeking
8 protection in that court of its confidential material and nothing in these provisions
9 should be construed as authorizing or encouraging a Receiving Party in this Action
10 to disobey a lawful directive from another court.

### I. Modification

For good cause, any Party may seek a modification of this Protective Order, first by attempting to obtain the consent of the other Parties to such modification, and then, absent consent, by application to the Court. However, no modification based on consent of the other Parties shall be valid or effective unless in writing signed by all Parties and approved by the Court.

### J. Survivability Of This Protective Order

This Protective Order shall survive the conclusion of this action, and the Court retains jurisdiction to enforce it.

### K. Authority

Plaintiffs expressly represent and warrant that Robert D. Newman has been duly authorized to execute this Stipulated Protective Order on behalf of all Plaintiff class members.

/ / /
/ / /
/ / /
/ / /
/ / /

12
Case No. 2:02-cv-05662 JAK(FFMx)
STIPULATED PROTECTIVE ORDER RE: THE COUNTY'S RULE 60(b)(5) MOTION

**L. Data Match**

On June 11, 2007, the Court entered an Order permitting DCFS and DMH to conduct a data match. (ECF Dkt. No. 526 (the "Data Match Order").) The Parties agree that the terms of the Data Match Order shall be continued until the resolution of the Motion.

**IT IS SO ORDERED.**

DATED: January 8, 2020  /S/ Frederick F. Mumm
Hon. Frederick F. Mumm
United States Magistrate Judge