# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATIE A., et al., <br><br> Plaintiffs, <br><br> v. <br><br> DIANA BONTA, et al., <br><br> Defendants. | No. 2:02-cv-05662-JAK (FFMx) <br><br> **JUDGMENT** <br><br> **JS-6: CASE TERMINATED** |

1

Plaintiffs and Defendants Los Angeles County, Los Angeles County Department of Children and Family Services ("DCFS") and the Director of DCFS (together with Los Angeles County and DCFS, the "County Defendants") have entered into a further settlement agreement ("Settlement Agreement") for final resolution of this class action matter following the settlement agreement previously reached by Plaintiffs and the County Defendants ("Parties") in 2003.

The Parties have submitted the Settlement Agreement for final approval pursuant to, and in compliance with, Fed. R. Civ. P. 23(e).

On December 5, 2022, a fairness hearing was conducted pursuant to Fed. R. Civ. P. 23(e)(2), affording the parties and all other interested persons, including the Katie A. Advisory Panel, the opportunity to be heard in support of, and in opposition to, the Settlement Agreement. After reviewing and considering the filings in support of the Settlement Agreement, the evidence, arguments, comments and objections submitted at the fairness hearing and thereafter, it was determined that the Settlement Agreement with the additional reporting obligations set forth below is fair, reasonable and adequate to bind class members. It is also determined that the Parties gave notice of the Settlement Agreement in a reasonable manner to the Plaintiff class and others affected by it.

Based on the foregoing, the Court having fully considered the matter and good cause appearing, hereby **ORDERS, ADJUDGES AND DECREES** as follows:

1. The Court has jurisdiction over the claims for injunctive and declaratory relief against the County Defendants pursuant to 28 U.S.C. §§ 1331, 1343 and 1367. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b).

2. This case has been certified as a class action for purposes of all claims on behalf of children and young adults who:

    (a) are in the custody of DCFS in foster care or are at imminent risk of foster care placement by DCFS; and

  (b) are eligible for services under the Early and Periodic Screening Diagnosis and Treatment ("EPSDT") program of the Medicaid Act, as defined in 42 U.S.C. § 1396 et seq.; and

  (c) have a mental illness or condition that is documented or, had an assessment been completed, could have been documented; and

  (d) need individualized mental health services, including but not limited to professionally acceptable assessments, behavioral support and case management services, family support, crisis support, therapeutic foster care, and other medically necessary services in the home or in a home-like setting, to treat or ameliorate their illness or condition.

3. The Settlement Agreement, which has been filed at Dkt. 1031 at 10901-10948, is approved.

4. Pursuant to paragraph 76 of the Settlement Agreement, the Settlement Agreement releases, absolves and discharges each and every County Defendant from all rights, claims, demands, causes of action and suits of all kinds and descriptions that seek declaratory and/or injunctive relief on a class-wide basis based on acts or omissions that occurred prior to September 18, 2020, and that arise from the identical factual predicate as the claims at issue in this case. The Released Claims do not include individual or class claims for damages.

5. Upon entry of this judgment ("Judgment"), the Court's jurisdiction over this matter shall expire and the matter will be terminated; provided, however, the Court expressly retains jurisdiction for a period of 18 months after entry of the Judgment solely to enforce the following reporting obligations of the County Defendants:

First, the County Defendants shall, for a period of 18 months following entry of Judgment, continue to prepare monthly reports on the "Number of TA280 requests for out of home placements stop or change" ("TA 280 Report").

Second, the County Defendants shall, for a period of 18 months following entry of Judgment, prepare new quarterly reports ("Quarterly Reports") on a random sample of 60 children per quarter where the population from which the sample is drawn will consist of children who have experienced a placement change due to the "Child's Behavior" on the TA 280 Report. The Quarterly Reports shall contain the following information for each child:

- Whether Intensive Home Based Services ("IHBS")/Intensive Care Coordination ("ICC") services were provided to meet the child's mental health needs and to support the child's caregiver:
  - (a) During the 30 calendar days prior to the child's reported placement change, and/or
  - (b) During the 30 calendar days after the child's reported placement change.

- If so,
  - (c) What IHBS/ICC services were provided;
  - (d) Start and end date of services provided (duration);
  - (e) Intensity of services (measured by amount of time receiving services);
  - (f) Whether the child had Child and Family Team ("CFT") meetings and, if so, how frequently;
  - (g) If a child had a prior placement change included in this reporting, an explanation of what services had been provided to the child after the previous placement.

- Demographic information for each child, including date of birth, race/ethnicity, gender, DCFS office and total number of moves.

   Third, the Quarterly Reports shall also identify what, if any, new measures the County Defendants have implemented or intend to implement based upon the findings in the immediately prior Quarterly Report.

   Fourth, the County Defendants' deadline to deliver each Quarterly Report shall be 60 days following the end of the applicable period as to which reporting is being made. If that deadline falls on a weekend or holiday, it shall be extended to the next business day.

   Fifth, the County Defendants shall also prepare one additional special report ("Special Report") after six months since entry of this Judgment on a random sample of 60 children who experienced placement changes attributable to the categories "Other," "Foster Home/Agency Request," "Runaways," "Higher Level of Care Requested," "Incarcerated," and "Committed to State Hospital" on the TA280 Report. This Special Report will only determine the extent to which the Child's Behavior was in fact the underlying cause of the placement changes in these six categories.

   Sixth, the TA 280 Report, the Quarterly Reports, and the Special Report shall be provided to the following:

    (a) Los Angeles County Board of Supervisors;

    (b) Los Angeles County Commission for Children and Families and the Los Angeles County Mental Health Commission; and

    (c) The public, by posting monthly on the DCFS and Los Angeles County Department of Mental Health websites (or the California Department of Social Services website).

  6. County Defendants shall pay $1,400,000 in attorney's fees and $11,408.56 in costs to Plaintiffs' counsel no later than January 31, 2024. Each side shall otherwise bear their own fees and costs in this case.

  7. This entire case is hereby dismissed effective as of the date hereof.

**IT IS SO ORDERED.**

Dated: November 29, 2023    _____

John A. Kronstadt

United States District Judge